UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JIMMIE GUIDRY,**

**Plaintiff,**                                                         Case No.:

v.

**SIEMENS HEALTHCARE**
**DIAGNOSTICS INC., a Foreign**
**Profit Corporation,**

**Defendant.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JIMMIE GUIDRY (hereinafter referred as "GUIDRY" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, SIEMENS HEALTHCARE DIAGNOSTICS INC., a Foreign Profit Corporation (hereinafter referred as "SIEMENS" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

**NATURE OF CASE**

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. GUIDRY was hired by SIEMENS in 2008.

2. GUIDRY' most recent position with the Defendant was Senior Manager of Field Engineering.

3. SIEMENS owns and operates multiple locations in North America, including in Orlando, Florida, where Plaintiff was employed as Central Florida Regional Service Manager, Home office location 9 Grandifloras Court, Homosassa, Citrus County, FL remote management employee.

4. By the very nature of its work, SIEMENS is a corporation that is engaged in commerce.

5. SIEMENS is engaged in an industry affecting commerce.

6. SIEMENS employs more than fifty (50) employees.

7. SIEMENS employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

8. Plaintiff is an "employee" as defined by the FMLA.

9. SIEMENS is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for SIEMENS in Orange County, Florida.

13. SIEMENS conducts business in Orange County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. Plaintiff was hired by the Company in 2008.

16. Throughout his employment, Defendant entrusted Plaintiff with managing hundreds of employees and complex projects.

17. Plaintiff's most recent position was Senior Manager of Field Engineering.

18. Plaintiff accepted an assignment for Defendant in Florida in July 2017.

19. Plaintiff relocated to Florida per company request in December 2017.

20. Plaintiff suffers from stress and anxiety.

21. Plaintiff's health conditions manifest into physical symptoms which Plaintiff receives treatment for, including prescribed medications and therapy.

22. Because of his disability, and upon medical advice, Plaintiff informed Defendant he needed short-term disability ("STD") on or about February 14, 2020.

23. As per Company policy, Plaintiff took five days of PTO so that he could begin STD.

24. This occurred from February 17, 2020 through February 21, 2020.

25. Then, on or about February 24, 2020, Plaintiff applied for STD.

26. On or about February 24, 2020, Plaintiff also applied about FMLA.

27. Plaintiff was employed with SIEMENS for more than one (1) calendar year leading up to February 24, 2020.

28. Plaintiff worked over 1,250 hours for SIEMENS during the year immediately preceding February 24, 2020.

29. On or about February 24, 2020, Plaintiff submitted documents to Defendant which requested FMLA leave.

30. The FMLA documents were submitted to Lincoln Financial representative, Elizabeth Henderson, which was the Defendant's third-party facilitator of FMLA.

31. One day after he submitted FMLA paperwork, Defendant fired Plaintiff.

32. Defendant terminated Plaintiff on or about February 25, 2020.

33. Only weeks prior to Plaintiff's termination, Defendant had flown Plaintiff to an interview to take on a large role in a different division.

34. Specifically, Plaintiff began interviewing for the new position on or about January 8, 2020.

35. The interviews resulted in a verbal offer being extended by the Hiring Manager and Director, Daniel Palangio, on or about January 24, 2020.

36. Possible start dates for the new position were discussed with Plaintiff's then-current Manager, Robert Mumper, Sr. Director Field Service.

37. Defendant's offer was verbally accepted by Plaintiff.

38. The proposed start date of the new position was March 15, 2020, but that was then changed to April 15, 2020.

39. Plaintiff applied for FMLA after the offer for the new position was made.

40. Suddenly, Plaintiff was terminated by Defendant before he could begin his new position.

41. The termination came suddenly after Plaintiff informed Defendant of his disability and need for STD and FMLA.

42. SIEMENS's actions interfered with Plaintiff's rights under the FMLA.

43. SIEMENS retaliated against Plaintiff for engaging in his rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

44. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 43 above as if fully set forth herein.

45. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

46. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

47. SIEMENS was Plaintiff's employer as defined by the FMLA.

48. Plaintiff gave SIEMENS proper notice of his intention and need for FMLA leave.

49. SIEMENS refused to allow Plaintiff to take FMLA leave.

50. Plaintiff's termination was an adverse employment action.

51. SIEMENS terminated Plaintiff because of his FMLA leave and/or FMLA related requests.

52. Plaintiff was terminated within one (1) day of requesting FMLA leave.

53. SIEMENS acts and omissions constitute interference with Plaintiff's rights under the FMLA.

54. As a direct, natural, proximate and foreseeable result of the actions of SIEMENS, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55. 49. Plaintiff has no plain, adequate or complete remedy at law for the actions of SIEMENS, which have caused and continue to cause irreparable harm.

56. SIEMENS violations of the FMLA were willful.

57. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against SIEMENS for their interference with his rights under the FMLA;

b. judgment in his favor and against SIEMENS for damages, including lost earnings and benefits, back pay, reinstatement, front pay, and/or all actual monetary losses suffered as a result of SIEMENS's conduct;

c. judgment in his favor and against SIEMENS for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against SIEMENS for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that SIEMENS'S practices toward Plaintiff violate his rights under the FMLA, and;

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **COUNT II - RETALIATION UNDER THE FMLA**

58. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 43 above as if fully set forth herein.

59. Plaintiff was, at all times relevant, employed by SIEMENS.

60. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

61. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

62. SIEMENS was Plaintiff's employer as defined by the FMLA.

63. Plaintiff's request to utilize FMLA leave was protected activity.

64. Plaintiff's request to submit FMLA leave paperwork to SIEMENS was protected activity.

65. Plaintiff gave SIEMENS proper notice of his intention and need for FMLA leave.

66. SIEMENS refused to allow Plaintiff to take FMLA leave.

67. Plaintiff's termination was an adverse employment action.

68. Plaintiff was terminated because of his attempt to use or usage of FMLA leave.

69. Plaintiff was terminated within one (1) day of requesting FMLA leave.

70. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

71. SIEMENS discriminated and/or retaliated against Plaintiff because SIEMENS knew he was eligible for leave under the FMLA.

72. SIEMENS discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

73. SIEMENS had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

74. SIEMENS'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

75. SIEMENS'S discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

76. SIEMENS'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

77. As a direct, natural, proximate and foreseeable result of the actions of SIEMENS, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of SIEMENS, which have caused and continue to cause irreparable harm.

79. SIEMENS'S violations of the FMLA were willful.

80. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

   a. judgment in his favor and against SIEMENS for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

   b. judgment in his favor and against SIEMENS for damages, including lost earnings, backpay, reinstatement, front pay, and/or all actual monetary losses suffered as a result of SIEMENS's conduct;

   c. judgment in his favor and against SIEMENS for his reasonable attorneys' fees and litigation expenses;

   d. judgment in his favor and against SIEMENS for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   e. declaratory judgment that SIEMENS's practices toward Plaintiff violate his rights under the FMLA, and;

   f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __3rd__ day of September, 2020.

Respectfully submitted,

*/s/ Louis Montone*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office:     (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
*Attorneys for Plaintiff*